**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2871-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL D. GIBSON,

    Defendant-Appellant.

_____

Submitted September 27, 2018 – Decided July 16, 2019

Before Judges O'Connor and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 15-11-2211.

Joseph E. Krakora, Public Defender, attorney for appellant (John W. Douard, Assistant Deputy Public Defender, of counsel and on the brief).

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; John C. Tassini, Assistant Prosecutor, on the brief).

PER CURIAM

Following a jury trial, defendant Michael D. Gibson was found guilty of first-degree robbery, N.J.S.A. 2C:15-1, and fourth-degree possession of an imitation firearm, N.J.S.A. 2C:39-4(e). The court sentenced defendant to an eleven-year term of imprisonment on the robbery charge, subject to the eighty-five percent period of parole ineligibility mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2, and to a concurrent one-year term of imprisonment for possession of an imitation firearm.

On appeal, defendant raises the following arguments for our consideration:

> POINT I: THE COURT ERRED IN FAILING TO CHARGE BOTH SECOND-DEGREE ATTEMPTED ROBBERY AND ATTEMPTED THEFT AS LESSER-INCLUDED OFFENSES OF FIRST-DEGREE ROBBERY, WHEN THERE WAS EVIDENCE THAT SUPPORTED BOTH LESSER-INCLUDED CHARGES.
>
> A. There Was Ample Evidence In The Record That Mr. Gibson Did Not Knowingly Or Purposely Threaten The Bank Tellers With Immediate Bodily Injuries, Requiring A Lesser-Included Charge Of Attempted Robbery.
>
> B. There Was Sufficient Evidence To Charge Attempted Theft As A Lesser-Included Charge Of Robbery.
>
> POINT II: THE JURY INSTRUCTION ON ARMED ROBBERY WAS CONFUSING, INCOMPLETE, AND INCORRECT; MOREOVER, THE CORRECTED

2

RECHARGE FAILED TO RESOLVE THE CONFUSION, THEREBY DENYING MR. GIBSON HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL.

POINT III: DEFENDANT'S SENTENCE WAS MANIFESTLY EXCESSIVE.

Having reviewed defendant's arguments in light of the record and applicable legal principles, we affirm.

## I

The salient evidence adduced at trial was as follows. On October 6, 2015, L.A.[1] was working at a TD Bank in Brick. At approximately 5:10 p.m., L.A. locked a set of doors that provided access to the interior of the bank from an adjoining vestibule, where the bank's ATM[2] was located. The outer doors to the vestibule, which provided access to the exterior of the bank, were left unlocked so customers could use the ATM at any time.

As she returned to her desk, L.A. looked out of the window and saw a tall, thin, young man, later identified as defendant, run into the vestibule "very quickly and very irately." His face and hands were covered, and he had a black

---

[1] We refer to this victim by her initials to protect her privacy.

[2] ATM stands for automated teller machine.

gun in his hand. L.A. yelled to a teller, who was unlocking another set of doors to let a customer out of the bank, to lock the door right away.

Defendant commenced pulling on the locked inner doors that separated the vestibule from the interior of the bank, causing them to "rattle." L.A. testified defendant was also "showing me the gun, like he was trying to, I guess trying to make me open the doors. And he banged on the doors with the gun. . . . [F]irst he pointed it, then he held it back, and then he banged on the door with it." Fearful the doors might shatter or defendant would shoot through them, L.A. and the teller ran to and ducked behind the teller line. After a "little while," L.A. stood up and defendant was gone.

Jason Archiello, the customer the teller had let out of the other door, testified that when he exited the bank, he observed defendant run towards the bank carrying a gun. Defendant's face was covered by the hood of his sweatshirt. Achiello saw defendant inside of the vestibule knocking on the glass, and called a detective of the Brick Township Police Department to report he believed the bank was being robbed.

The police were dispatched and successfully apprehended defendant shortly thereafter. Defendant provided a video recorded statement to the police later that day, which was played during the trial. In the recording, defendant

4

stated that on October 6, 2015, he had been evicted and he and his family needed money. He and his cousin were driving past the bank when defendant told his cousin to stop the car; defendant's intention was "to get money from the bank." Defendant got out of the car, approached the bank's entrance from the side of the building, and tightened the drawstrings of his hoodie so that his face was covered.

While holding a BB gun, defendant entered the outside doors to the ATM vestibule and attempted to open the inside doors to the bank lobby, but he discovered they were locked. Therefore, defendant left, claiming he did not "take the initiative to even try to force myself in." Defendant asserted that if the inside doors had been unlocked, he did not think he "would have went through with it."

Before he left, defendant saw a teller running in the bank, and he guessed he had scared her because she saw him holding the gun. He stated he also left the bank because he knew he had "scare[d] the tellers and everything." Defendant returned to his cousin's car and they drove off. He and his cousin were subsequently stopped by the police and ultimately placed into custody that same day.

5

## II

As stated, on appeal defendant claims the trial court erred because it: (1) failed to charge the jury on both attempted robbery and attempted theft as lesser-included offenses of robbery; (2) provided a "confusing" and "incomplete" charge on armed robbery, prejudicing defendant's right to a fair trial; and (3) imposed a manifestly excessive sentence on the charge for robbery.

We first address defendant's contention the trial court erred because it failed to charge the jury on attempted robbery and attempted theft as lesser-included offenses of robbery.

N.J.S.A. 2C:15-1(a) provides that:

> A person is guilty of robbery if, in the course of committing a theft, he:
>
> > (1) Inflicts bodily injury or uses force upon another; or
>
> > (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
>
> > (3) Commits or threatens immediately to commit any crime of the first or second degree.
>
> An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.
>
> [N.J.S.A. 2C:15-1(a).]

A-2871-16T3

Robbery, therefore, consists of the following elements:

> (1) theft or attempted theft; (2) intimidating or assaultive conduct consisting of (a) inflicting bodily injury upon another or (b) threatening another with or purposely putting him in fear of immediate bodily injury or (c) committing or threatening immediately to commit any crime of the first or second degree [or (d) using force upon another person]; (3) the intimidating or assaultive conduct must have occurred during the theft or attempted theft or in immediate flight after the theft or attempted theft, and (4) defendant must have acted purposely. Theft is defined, generally, as the unlawful taking or exercise of unlawful control over property of another with purpose to deprive him thereof . . . . N.J.S.A. 2C:20-3. Attempted theft is defined by combining the foregoing definition of theft with N.J.S.A. 2C:5-1(a). It is an abortive effort to perpetrate a theft.
>
> [State v. Farrad, 164 N.J. 247, 257 (2000) (alteration in original) (emphasis added) (quoting State v. Carlos, 187 N.J. Super. 406, 412 (App. Div. 1982)).]

Robbery is elevated to a crime of the first-degree "if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon." N.J.S.A. 2C:15-1(b).

The fact a defendant does not succeed in stealing property from another is not dispositive, because "a defendant can be convicted of robbery, even if the theft is unsuccessful, if he or she (1) purposely takes a substantial step (2) to

exercise unlawful control over the property of another (3) while threatening another with, or purposely placing another in fear of, immediate bodily injury." Farrad, 164 N.J. at 258. The "'substantial step' requirement in the 'attempt' statute, N.J.S.A. 2C:5-1(a)(3), is satisfied if a defendant acts in a way that is 'strongly corroborative of the firmness of his purpose' to carry out the crime." Ibid. (quoting State v. Fornino, 223 N.J. Super. 531, 538 (App. Div. 1988)).

Here, neither the State nor defendant requested that the court instruct the jury on either lesser-included offense. However, even if there is no request by a party to charge the jury on a lesser-included offense, a trial court has an independent, non-delegable duty to instruct a jury on such a charge "when the facts adduced at trial clearly indicate that a jury could convict on the lesser while acquitting on the greater offense." State v. Jenkins, 178 N.J. 347, 361 (2004) (emphasis added).

Here, the greater offense is robbery, and the lesser-included offenses defendant claims should have been charged to the jury are attempted robbery and attempted theft. Therefore, in order for the trial court to have charged the jury with these lesser-included offenses, the facts adduced at trial had to have clearly indicated that a jury could have convicted defendant of these lesser-included offenses while acquitting him of robbery.

8

We first examine whether under this standard the trial court should have instructed the jury on the lesser-included offense of attempted robbery. A person can be found guilty of attempted robbery if he <u>attempts to threaten</u> another person with or purposely puts that individual in fear of immediate bodily injury. <u>Farrad</u>, 164 N.J. at 259-60. A person commits attempted robbery if he takes a substantial step toward threatening another person or putting that individual in fear of immediate bodily injury. <u>Id.</u> at 260.

Here, the facts adduced at trial did not clearly indicate that a jury could have convicted defendant of attempted robbery while acquitting him of robbery. As even his own statement to the police reveals, defendant did more than just attempt to threaten another person with or purposely put such person in fear of immediate bodily injury. Through his conduct, defendant in fact threatened those inside of the bank with or put them in fear of immediate bodily injury. According to defendant, when he arrived at and entered the bank, he intended to rob the bank because he needed money. In furtherance of such plan, he entered the vestibule of the bank with his face covered and a gun clearly in hand.

Although he was thwarted from getting into the bank because the inner doors were locked and he did not take further action to get inside of the bank, the mere act of entering the vestibule of a bank where he was visible to the staff

9

inside, with a firearm plainly in hand and his face obviously obscured to conceal his identity, was sufficiently intimidating conduct to put those in the bank in fear of immediate bodily injury. Even defendant acknowledged he had scared the tellers. The undisputed evidence was defendant went beyond merely attempting to put those in the bank in fear of immediate bodily injury – he in fact engaged in conduct that did so. Thus, the facts adduced at trial did not clearly indicate that a jury could have convicted defendant of attempted robbery while acquitting him of robbery.

In Farrad, the police observed defendant looking inside of a fast-food restaurant. Id. at 252. The restaurant was located in a community that had recently experienced robberies of fast-food establishments. Ibid. The defendant entered the restaurant and approached the counter. Ibid. When the defendant placed his hand into his right coat pocket, the officers apprehended him and found a loaded gun. Ibid. The Court held these facts could support a conviction for attempted robbery. Id. at 260. Here, the facts are markedly different from those in Farrad. There is uncontroverted evidence defendant engaged in conduct that put others in fear of immediate bodily injury – he did more than merely attempt to do so.

 A-2871-16T3

There also was no basis for the trial court to charge the jury on attempted theft. The evidence adduced at trial did not clearly indicate that a jury could have convicted defendant on the lesser included offense of attempted theft while acquitting on the greater offense of robbery. As previously stated, that a defendant does not complete an act of theft does not preclude a conviction for robbery. A defendant can be convicted of robbery, even if his attempts to commit a theft were foiled, as long as he purposely takes a substantial step to exercise unlawful control over the property of another while threatening another with or purposely placing the victim in fear of immediate bodily injury. See id. at 258.

Here, the evidence reveals defendant planned to rob the bank. He did not complete such plan, but not before engaging in conduct to put bank employees in fear of immediate bodily injury in furtherance of his scheme to steal money from the bank. Evidence of his conduct before he entered and while at the bank was strongly corroborative of the firmness of his purpose to carry out the crime. Defendant took a "substantial step" toward committing a theft, and his attempt at theft in fact fulfilled an element of the offense of robbery.

Thus, the trial court did not err when it failed to instruct on the lesser-included charge of theft. The evidence adduced at trial did not clearly indicate

11

a jury would acquit on the greater offense, specifically, robbery. Jenkins, 178 N.J. at 361. In sum, we discern no basis for error because the court did not charge the jury with attempted robbery or attempted theft.

Defendant next contends the jury charge was so confusing and incomplete that he was denied his right to a fair trial. The basis for defendant's argument is that the court used the term attempted robbery instead of attempted theft in four instances while reading the charge to the jury.

After the court finished charging the jury, both counsel brought the error to the court's attention. The court then advised the jury of and corrected its error. We view the charge as a whole to be adequate, see State v. Randolph, 228 N.J. 566, 592 (2017), and conclude defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Finally, defendant contends his sentence was excessive. Specifically, he argues that he should have been sentenced on the robbery charge to a ten-year term instead of to an eleven-year term of imprisonment. In our view, the sentence, which was at the lower end of the range for first-degree crimes, was not manifestly excessive or unduly punitive and does not shock our judicial conscience. See State v. Bieniek, 200 N.J. 601, 608 (2010) (citing State v. Roth, 95 N.J. 334, 364-65 (1984)).

12

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

13